IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

BROOKS WITZKE, )
) C.A. No.   K13M-07-005 JTV
)
Plaintiff, )
)
v. )
)
KENT COUNTY SOCIETY FOR )
THE PREVENTION OF CRUELTY )
TO ANIMALS, INC., and )
DELAWARE ANIMAL CARE & )
CONTROL, )
)
Defendants. )

*Submitted:   May 19, 2014*
*Decided:   August 29, 2014*

Gregory A. Morris, Esq., Liguori & Morris, Dover, Delaware.  Attorney for Plaintiff.

Shannon L. Brainard, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware.  Attorney for Defendants.

*Upon Consideration of*
*Defendants' Motion to Dismiss*
**GRANTED**

**VAUGHN, President Judge**

**OPINION**

This action was brought by the plaintiff, Brooks Witzke, after he was terminated from his position as an Animal Control Officer. The defendants are the Kent County Society for the Prevention of Cruelty to Animals, Inc. and Delaware Animal Care & Control. It is a mandamus action seeking various relief including a hearing consistent with the Law Enforcement Officers Bill of Rights ("LEOBOR"), Delaware law and the defendants' policies, reinstatement of his position, removal of documents relating to this action in his personnel file and the defendants' records, and compensatory damages.

The defendants have filed a Motion to Dismiss the Amended Complaint under Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**FACTS**

In the Amended Complaint the plaintiff alleges that in January 2011 he was hired by the defendants as an Animal Control Officer. On December 6, 2011, the plaintiff was terminated from his position. On December 9, 2011, the plaintiff filed a written rebuttal requesting an appeal and opportunity to be heard regarding his termination. There was no appeal or hearing.

On July 12, 2013, the plaintiff filed a Complaint against the defendants alleging three causes of actions. On April 25, 2014, the plaintiff amended his Complaint. Count I alleges that the defendants violated the LEOBOR by not granting a hearing in accordance with 11 *Del. C. Ch.* 29. Count II alleges that the defendants made direct post-hire promises to the plaintiff that he would be entitled to a full

appeal hearing before being terminated and breached said promises when the defendants did not provide any appeal hearing. Additionally, in Count II, the plaintiff alleges that the defendants breached their own policies and longstanding practices by not allowing an appeal in his case and imposing punishment outside the penalty guidelines as set forth in their written policies. Count III alleges that the defendants breached the implied covenant of good faith and fair dealing by failing to grant the plaintiff's appeal request or provide a hearing.

## STANDARD OF REVIEW

"[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'"[1] The Court will limit its review of the motion to dismiss to the well-pleaded allegations in the complaint, but will draw all reasonable factual inferences in favor of the non-moving party.[2] In considering the defendant's motion to dismiss, the court must deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances.[3] This "conceivability" pleading standard asks whether there is any, even a remote, possibility of recovery.[4]

---

[1] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs, LLC*, 27 A.3d 531, 537 (Del. 2011).

[2] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[3] *Cent. Mortg. Co.*, 27 A.3d at 536.

[4] *Id*. at 537.

3

**CONTENTIONS**

The defendants contend that the plaintiff was not entitled to LEOBOR procedures because he wasn't an officer under the LEOBOR definition; that the alleged company policy does not give rise to a claim for an at-will employee who is terminated; that the alleged post-hire promises do not modify the employee's at-will status; that the plaintiff did not reasonably rely on the alleged post-hire promises or take action to his detriment; and that the plaintiff failed to make any allegations sufficient to establish a claim for breach of the implied covenant of good faith and fair dealing in an at-will employment context.

The plaintiff contends that his supervisor promised the plaintiff that he would be given a full appeal hearing before the KCSPCA board before any termination but failed to provide such an appeal; and that he reasonably relied on the post-hire promises, longstanding policies and practices and took action to his detriment by failing to seek new employment or filing for unemployment benefits.

**DISCUSSION**

The defendants move to dismiss Count I because, they contend, the plaintiff was not a "law enforcement officer" as defined by LEOBOR and thus does not qualify for the LEOBOR protections or procedures.  The plaintiff concedes that the LEOBOR does not apply to him.  Therefore, Count I will be dismissed.

The defendants contend that Count II should be dismissed because company policy cannot form the basis of a claim for an at-will employee.  Under Delaware law, employee handbooks or written best practices are not given the binding effect of a

4

contract absent clear language in the handbook to the contrary.[5] Therefore, there is no enforceable contractual right arising from the mere existence of an employee handbook, particularly when the employee has at-will status.[6] The plaintiff simply contends that the defendants "acted to deny and deprive [him] of the protection and requirements available to him under the written personnel policies and long-standing practice of Defendants in processing and imposing discipline to law enforcement and animal control officers." Count II of the Amended Complaint fails to allege any written contract or enforceable policies or procedures that would entitle the plaintiff to an appeal hearing or due process regarding his termination. I conclude that the plaintiff cannot base his claim on the informal written policies or practices included in his Amended Complaint.

Additionally, the defendants argue that Count II should be dismissed because the plaintiff's promissory estoppel claim, based on company policy in an employee handbook, does not modify an employee's at-will status. While an employee's status as an at-will employee will bar that employee from asserting a breach of employment contract claim against the employer, it does not necessarily prohibit a claim based on promissory estoppel.[7] "In order to state a claim for promissory estoppel, plaintiff must allege (i) the making of a promise; (ii) with the intent to induce action or

---

[5] *Gaines v. Wilmington Trust Co.*, 1991 WL 113613, at *2 (Del. Super. June 3, 1991).

[6] *Id.*

[7] *Konitzer v. Carpenter*, 1993 WL 562194 at *6 (Del. Super. Dec. 29, 1993).

forbearance based on the promise; (iii) reliance; and (iv) injury."[8]  The plaintiff's Amended Complaint alleges that his superior made a promise of a full appeal hearing before his termination, but does not include facts that support that the promise was made "in the expectation to induce [his] action."[9]  The plaintiff fails to provide action or inaction that he did in reliance of his supervisor's promise.  His Amended Complaint alleges that he was harmed because he did not seek new employment or file for unemployment, but logically that reliance does not relate to an appeal hearing.  The defendants remained free to terminate the plaintiff at any stage, because the plaintiff was an at-will employee.  I conclude that the plaintiff cannot base Count II on long standing policies and practices or promissory estoppel.

Finally, the defendants move to dismiss Count III because the plaintiff failed to allege any facts that would support the specific claim of breach of the implied covenant of good faith and fair dealing.  In alleging a breach of the implied covenant pertaining to an employment context, the plaintiff must plead at least one of the following: (1) his termination violates public policy; (2) the employer misrepresented important facts, inducing an employee to either stay or accept new employment; (3) the employer used its superior bargaining power to deprive the employee of clearly identifiable compensation related to the employee's past services; or (4) the employer manipulated employment records to create fictitious grounds for termination.[10]  The

---

[8] *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000).

[9] *Id*. at 400.

[10] *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 442 - 44 (Del. 1996).

plaintiff's Amended Complaint does not contain facts that would demonstrate any of the four categories for an implied covenant claim.  I conclude that the plaintiff has not plead a cognizable claim for breach of the implied covenant of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is ***granted*** with prejudice.

**IT IS SO ORDERED.**


                              /s/   James T. Vaughn, Jr.


oc:   Prothonotary
cc    Order Distribution
        File